**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 19 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATIONAL CONFERENCE OF PERSONAL MANAGERS, INC., a Nevada non-for-profit corporation, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> EDMUND G. BROWN, Jr., Governor of the State of California, in his official capacity; et al., <br><br> Defendants - Appellees. | No. 13-55545 <br><br> D.C. No. 2:12-cv-09620-DDP-RZ <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted March 6, 2015[**]
Pasadena California

Before: REINHARDT, N.R. SMITH, and HURWITZ, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellant National Conference of Personal Managers, Inc. ("NCOPM") sued Defendants Edmund G. Brown, Jr., Governor of the State of California, in his official capacity; Kamala D. Harris, Attorney General of California, in her official capacity; and Julie A. Su, California Labor Commissioner, in her official capacity. NCOPM alleged that Defendants' interpretation and enforcement of the California Talent Agencies Act, Cal. Lab. Code §§ 1700-1700.47 ("TAA"), resulted in constitutional violations. Defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and(b)(6). Defendants argued that (1) the district court lacked subject matter jurisdiction, because the Governor and the Attorney General were entitled to sovereign immunity; (2) NCOPM lacked Article III standing; (3) the Labor Commissioner was not an appropriate defendant; and (4) NCOPM failed to state any claims upon which relief could be granted.

The district court found that (1) the Governor and Attorney General *likely* had sovereign immunity, (2) NCOPM *likely* had standing, and (3) the Labor Commissioner was *likely* the appropriate party to sue for her non-adjudicatory acts. However, the district court "declin[ed] to resolve those issues fully." Rather, the court granted Defendant's motion to dismiss on the merits, agreeing that NCOPM failed to state a claim to relief that was plausible on its face as to each of the alleged constitutional violations. NCOPM appeals the district court's order.

2

The Supreme Court has repeatedly stated that federal courts have an independent obligation to determine jurisdiction before addressing the merits of a case. *Henderson v. Shinseki*, 131 S. Ct. 1197, 1202 (2011); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). From the record before us, we are unable to determine if the district court affirmatively decided the jurisdiction and standing issues. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998) (finding a court may not assume "hypothetical jurisdiction" in order to "resolve contested questions of law when its jurisdiction is in doubt").[1] Our duty to consider jurisdiction requires us to remand, so that the district court can make definite findings as to its jurisdiction and NCOPM's standing. *See United States v. Durham*, 941 F.2d 886, 892 (9th Cir. 1991).

Therefore, we **VACATE** the judgment and **REMAND** to allow the district court to determine the jurisdiction and standing issues. The parties shall bear their

---

[1] We take judicial notice of the requested documents. *See* Dkt. Nos. 10, 26. The documents are the type that a court may judicially notice in connection with ruling on a Rule 12(b)(6) motion to dismiss without converting the motion into a motion for summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (a court may take judicial notice of matters of public record and a court may also consider documents referenced in the complaint, documents upon which the claim necessarily relies, and documents whose authenticity is not questioned).

own costs, because the judgment is vacated and neither party argued this issue on appeal.